IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY RAY FREEMAN | § | |
| v. | § | CIVIL ACTION NO. 6:10cv48 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Anthony Freeman, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Freeman complains of a disciplinary case which he received for possession of a weapon, for which he received 15 days of solitary confinement, 45 days of cell and commissary restrictions, reduction in classification status from State Approved Trusty III to Line Class I, and the loss of 360 days of good time credits. He says that he is serving a life sentence for capital murder and thus is not eligible for release on mandatory supervision. Freeman argued that there was no evidence to support the finding of guilt, he was denied the right to present a defense or documentary evidence at the hearing, and he was denied due process in that the time limits for charging him with a disciplinary offense had expired.

After review of the pleadings, the Magistrate Judge issued a Report on March 5, 2010, recommending that the petition be dismissed. Citing Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995), the Magistrate Judge concluded that Freeman had failed to show the deprivation of a

1

constitutionally protected liberty interest; because he is not eligible for release on mandatory supervision, the deprivation of good time credits could only affect his release on parole, which is not a protected liberty interest under Texas law. The Magistrate Judge further determined that none of the other punishments imposed upon Freeman violated any constitutionally protected liberty interests. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Thus, the Magistrate Judge recommended that Freeman's petition be dismissed and that he be denied a certificate of appealability *sua sponte.*

Freeman filed objections to the Magistrate Judge's Report on May 3, 2010. In his objections, Freeman argues that he has a liberty interest in avoiding placement in solitary confinement and in being deprived of "full benefits from his earned good time credits." In addition, he says that there is an equal protection violation if other inmates are afforded due process protections at disciplinary hearings and he is not.

Next, Freeman says that he believes that it would be appropriate to construe his pleading as a lawsuit under 42 U.S.C. §1983 rather than a habeas petition, because success would not necessarily spell his immediate or speedier release from unlawful confinement. He reiterates that there was "no evidence" to support the disciplinary conviction and asks that the Court issue an order directing the Respondent to forward a true and complete record of the hearing in the case for review and determination of the facts.

Most of the cases cited by Freeman pre-date Sandin, which sets out the proper analytical framework for cases of this type. His contention that placement in solitary confinement for 15 days implicates a protected liberty interest is contrary to Supreme Court and Fifth Circuit precedent. Sandin v. Conner, 115 S.Ct. at 2296 (placement in "disciplinary segregation" for 30 days did not implicate a protected liberty interest); Guajardo v. Bayda, 344 Fed.Appx. 922, 2009 WL2971801 (5th Cir., September 17, 2009) (15 days of solitary confinement did not implicate a protected liberty interest).

Nor does Freeman show what "full benefits" he has been deprived of in retaliation to his good time. He cites Bergen v. Spaulding, 881 F.2d 719, 721 (9th Cir. 1989), a pre-Sandin case from the Ninth Circuit, in which the issue concerned a prisoner's being confined past his "good time release date." In the present case, by contrast, Freeman has no protected liberty interest in parole, the only possible early release for which he could be eligible. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). His objection on this point is without merit.

Although Freeman argues that his petition should be construed as a civil rights lawsuit under 42 U.S.C. §1983, this request also is without merit. The fact that Freeman has failed to show the deprivation of a constitutionally protected liberty interest forecloses the maintenance of a civil rights lawsuit under Section 1983. Sandin was a Section 1983 action, which was dismissed because of the failure to show the deprivation of a constitutionally protected liberty interest. Sandin, 115 S.Ct. at 2302.

Furthermore, the plaintiff Anthony Freeman has filed at least three lawsuits or appeals which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* Freeman v. Alford, docket no. 6:93cv149 (E.D.Tex., dismissed as frivolous March 21, 1994, affirmed March 9, 1995); Freeman v. Magles, docket no. 6:96cv945 (E.D.Tex., dismissed as frivolous June 12, 1997, no appeal taken); and Freeman v. TDCJ-CID, et al. (E.D.Tex., dismissed as frivolous November 12, 1997, no appeal taken). As such, he is subject to the three-strike bar of 28 U.S.C. §1915(g), meaning that he cannot proceed under the *in forma pauperis* statute unless he is under imminent danger of serious physical injury. Adepegba v. Hammons, 103 F.3d 383, 386-87 (5th Cir. 1996). This section does not apply to habeas corpus petitions; however, it does apply to civil rights lawsuits, and so if Freeman's present petition were to be construed as a civil rights lawsuit, Section 1915(g) would mandate that it be dismissed, in that there is no showing of any such imminent danger. Freeman's objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Anthony Freeman is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 18th day of May, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**